UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYRON GREGORY JESSIE,

        Plaintiff

v.

NURSE PHANUF,
NURSE AMES,
UNKNOWN X-RAY TECHNICIAN,
UNKNOWN NURSE/DOCTOR, and
UNKNOWN FEMALE NURSE,

        Defendants.
_____/

Case No. 5:21-cv-11201
District Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

**<u>ORDER (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS FOR DISCOVERY (ECF NOS. 9 and 13), (2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 11), and (3) DIRECTING THE CLERK OF THE COURT TO SERVE A COPY OF THIS ORDER ON THE MDOC</u>**

    **A.**    **Operative Pleading**

Myron Gregory Jessie is currently incarcerated at the Michigan Department of Corrections (MDOC) Marquette Branch Prison (MBP). (ECF Nos. 10, 12.) On May 15, 2021, while incarcerated at MBP, Plaintiff filed a verified complaint against five Defendants, each of whom appears to be associated with the MDOC's Macomb Correctional Facility (MRF). (ECF No. 1, PageID.2-3 ¶¶ 5-9.) The alleged facts underlying Plaintiff's complaint stem from his alleged August 8, 2019

1

attempt at suicide by "swallowing the [4-inch] metal arm piece that was attached to his eye glasses[.]" (*Id*., PageID.3-7 ¶¶ 10-35.)

Plaintiff's claims for relief are based upon the Eighth Amendment. (*Id*., PageID.8-9 ¶¶ 39-44.) He seeks an award of compensatory and punitive damages, costs and expenses, and declaratory and equitable relief. (*Id*., PageID.9-10 ¶¶ A-F.)

### B. Identification of Defendants and Records Requests

Plaintiff is proceeding *in forma pauperis*, and Judge Levy has referred this case to me for all pretrial matters. (ECF Nos. 2, 4, 14.) On June 17, 2021, the Court directed service without prepayment of costs and authorized the U.S. Marshal to collect costs after service is made. (ECF No. 5.)

The Clerk of the Court has prepared documents for service upon Defendant Patrice Phaneuf at MRF. (ECF No. 7.) As to the four other Defendants, the Court entered a June 21, 2021 order, which directed Plaintiff "to provide the Court with the full name for defendant Nurse Ames and the names of the unknown defendants so that service may be effectuated upon those parties . . . [,]" (ECF No. 6).

Since the entry of this order, Plaintiff has twice sought the Court's assistance with Defendants' full names and addresses. (ECF Nos. 9, 13.) Upon consideration, this is an appropriate request. The Court will enter an order requiring the MDOC to: (1) make reasonable efforts to identify the four

2

Defendants as to whom service has not been initiated; and, (2) unless the Department of Attorney General agrees to accept service on behalf of these Defendants, provide employer/business contact information and last known home addresses to the U.S. Marshals Service (USMS). For security reasons, addresses of prison officials are not provided to prisoners.

In addition to seeking Defendants' full names and addresses, Plaintiff's filings also request production of documents – *e.g.*, health care kites, health care responses, medical records, and grievance materials – dated August 8, 2019 to March 1, 2020. (ECF No. 9, PageID.53-54; ECF No. 13, PageID.65.) This request is more appropriately addressed once Defendants have been identified and served with this lawsuit. Then, disclosures and discovery can occur in accordance with Federal Rules of Civil Procedure 26-37. Plaintiff may not simply ask the Court to order production without having followed the rules of discovery at an appropriate juncture.

    **C.    Request for appointment of counsel**

On July 21, 2021, Plaintiff filed a "request for Court appointed attorney." (ECF No. 11.) Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court *may request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such

3

a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has *discretion* to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation omitted).

In prisoner civil rights cases, the Court of Appeals for the Sixth Circuit has held that the recruitment of an attorney to represent an indigent plaintiff is "justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004) (citations omitted). In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Plaintiff's brief motion contends that he has no income or assets, he has financial obligations, but he "understand[s] that [he] may be required to contribute to the cost of any attorney." (ECF No. 11, PageID.60.) However, given the fact

that service upon Defendants is still in process, the current posture of the case signals that Plaintiff's request is premature.  Moreover, while Plaintiff elsewhere alleges that he suffers from manic depression and anxiety (ECF No. 1, PageID.3 ¶ 13), Plaintiff's motion for counsel does not set forth any exceptional circumstances that would potentially justify recruiting *pro bono* counsel any sooner than trial. Finally, the issues in this case are not notably complex (*i.e.*, deliberate indifference to a serious medical need), and Plaintiff's filings – his complaint (ECF No. 1), his application to proceed in forma pauperis and to request substitute service (ECF No. 2), his motions (ECF Nos. 9, 11, 13), and his address changes notices (ECF Nos. 10, 12) – are clear (*e.g.*, they are very neatly written and well organized), which demonstrates an ability to represent himself comparable to others in his situation.

E.  Order

Accordingly, Plaintiff's discovery motions (ECF Nos. 9, 13) are **GRANTED IN PART**.  As set forth above the MDOC **SHALL** make reasonable efforts to identify:  (1) the unknown nurse/doctor who Nurse Phanuf called on August 8, 2019 (ECF No. 1, PageID.3-4 ¶¶ 13-15); (2) Nurse Ames, who saw Plaintiff on or about August 10, 2019 (*id.*, PageID.4 ¶¶ 17-19); and, (3 & 4) the unknown female x-ray technician <u>and</u> unknown female nurse who saw Plaintiff on or about August 14, 2019 and August 22, 2019 and possibly during subsequent x-rays (*id.*, PageID.5-6 ¶¶ 20-22, 27-30, 32).  No later than **September 22, 2021**, the

MDOC shall: (1) inform the Court of its reasonable efforts to identify these individuals; and, (2) unless the Department of Attorney General agrees to accept service on behalf of these Defendants, provide employer/business contact information and last known home addresses to the USMS. Understanding that Defendants have yet to appear, the Clerk of the Court is **DIRECTED** to serve a copy of this order upon Assistant Attorney General Lisa Geminick, MDOC Division Chief (c/o 525 W. Ottawa Street, P.O. Box 30217, Lansing, MI 48933-1067).[1] However, Plaintiff's requests for production of documents are **DENIED WITHOUT PREJUDICE** to renewal in accordance with Fed. Rules Civ. P. 26-37, once Defendants have been identified and served and Plaintiff has actually tendered discovery requests upon served parties.

Plaintiff's motion for the appointment of counsel (ECF No. 11) is **DENIED WITHOUT PREJUDICE**. Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or other circumstances demonstrate such a need in the future.

---

[1] *See* https://www.michigan.gov/ag/0,4534,7-359-82100---,00.html (last visited Sept. 1, 2021), www.michbar.org, "Member Directory."

**IT IS SO ORDERED.**[2]

Dated: September 8, 2021

Anthony P. Patti
United States Magistrate Judge

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).