UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Myron Gregory Jessie,

        Plaintiff,                              Case No. 21-11201
                                                  District Judge Judith E. Levy
v.                                                    Magistrate Judge Jonathan J.C. Grey

Patrice Phaneuf *et al.*,

        Defendants.

_____

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Myron Gregory Jessie is an incarcerated person in custody of the Michigan Department of Corrections ("MDOC") challenging the conditions of his confinement at the Macomb Correctional Facility. (ECF No. 1, PAGEID.3.) Jessie brings a pro se complaint under 42 U.S.C. § 1983 against Patrice Phaneuf, Emily Nguyen, Aurelia Wolosion, Juliana Martino, and Jay Saph, alleging violations of his Eighth Amendment Rights. (ECF No. 1.) This matter is before the Court on Martino's motion for summary judgment. (ECF No. 46.) Jessie responded (ECF No. 49), and Martino replied (ECF No. 50).

For the following reasons, the Court **RECOMMENDS** that Martino's motion for summary judgment be **GRANTED**.

I.     **Jessie's Complaint**

Jessie sets forth the following allegations as to Martino. Jessie states that MDOC staff knew of his mental instability. (ECF No. 1, PAGEID.3.) On August 8, 2019, Jessie attempted death by suicide by swallowing a 4-inch "metal arm piece that was attached to his glasses." *Id.* The metal piece was very thin and had a "slight point" on it. *Id.* MDOC staff subsequently placed Jessie on suicide watch. *Id.* Patrice Phaneuf, a nurse, checked on Jessie's condition and told Jessie, "Yeah, [y]eah. You don't look like you swallowed a piece of metal, you sure you're not just seeking attention[?]" *Id.*

Jessie informed Phaneuf that he had manic depression and anxiety and that he felt sharp pain in his stomach. *Id.* Phaneuf rolled her eyes and called Martino, a nurse practitioner, to discuss Jessie's condition. *Id.* Phaneuf told Martino that Jessie "allegedly" swallowed a metal piece from his glasses and that Jessie did not appear to have swallowed anything that would cause injury. (*Id.* at PAGEID.4.) Phaneuf also told Martino that Jessie suffers from mental health issues and that she was unsure if Jessie should receive urgent care because Jessie "look[ed] alright" and may be malingering. *Id.*

After the phone call, Phaneuf informed Jessie that the x-ray technician was unavailable. *Id.* Phaneuf also said that Martino did not believe that Jessie's condition was sufficiently urgent to seek an emergency x-ray at the hospital and

2

stated that a hospital x-ray would be unnecessarily expensive. *Id.* Phaneuf told Jessie he would be scheduled for an x-ray in approximately one week. *Id.* In the meantime, Martino placed Jessie on a 48-hour liquid diet to aid him in expelling the object. (*Id.* at PAGEID.4, 8.) Six days later, on August 14, 2019, Jessie got his first x-ray. (*Id.* at PAGEID.5.) Jessie alleges that he continued to experience pain during the six days. (*Id.* at PAGEID.4.)

In September 2019, Jessie had a sixth x-ray. (*Id.* at PAGEID.6.) The x-ray informed Jessie that no metal piece showed in the x-ray, which indicated that Jessie must have expelled it. *Id.*

Jessie alleges that Martino violated his Eighth Amendment Rights by "[choosing] to render ineffective medical treatment" through the 48-hour liquid diet instead of sending Jessie to the hospital for emergency x-rays. (*Id.* at PAGEID.8.)

## II. Standard of Review

### A. Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Procedure 12(b)(6), a plaintiff must comply with Rule 8(a)(2), which requires a short and plain statement of the claim showing that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A plaintiff must also illustrate the grounds of their entitlement to relief, which "requires more than labels and conclusions, and a

3

formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted).

When assessing a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Although a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted).

### B. Eighth Amendment

The Eighth Amendment bans any punishment that involves the unnecessary and wanton infliction of pain. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). In *Estelle v. Gamble*, the Supreme Court held that deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain in violation of the Eighth Amendment. 429 U.S. 97, 104–05 (1976).

A deliberate indifference claim has two components: objective and subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In considering an Eighth Amendment claim, a court must ask (1) if the alleged wrongdoing was sufficiently serious to establish a constitutional violation and (2) if the officials acted with a sufficiently culpable state of mind. *Id.*; *see also Hudson*, 503 U.S. at 8. The

objective component requires a showing of a sufficiently serious medical condition. *Hudson*, 503 U.S. at 8 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The subjective component requires a showing of each defendant's "sufficiently culpable state of mind." *Hudson*, 503 U.S. at 8 (citing *Wilson*, 501 U.S. at 289, 303).

### III. Analysis

Martino argues that Jessie's allegations fail to establish a sufficiently serious need and fail to meet the deliberate indifference standard. (ECF No. 46, PAGEID.214.) Jessie contends that the facts demonstrate that swallowing a 4-inch metal piece established a sufficiently serious medical need and that Martino acted with deliberate indifference in delaying the x-ray.[1] (ECF No. 49, PAGEID.224–25.)

Assuming that swallowing a 4-inch metal object constitutes a sufficiently serious medical need, the Court turns to the objective prong of the inquiry. *C.f.*, *Deberry v. Farris*, No. CV 2:19-13790, 2020 WL 475337, at *1 (E.D. Mich. Jan. 29, 2020) (dismissing the complaint without determining whether swallowing two six-inch metal rods constitutes a sufficiently serious medical need).

---

[1] Jessie also asks the Court to order Martino to answer his complaint. (ECF No. 49, PAGEID.223.) The Court denies this request as moot because Martino's motion to dismiss is a responsive pleading to Jessie's complaint. Fed. R. Civ. P. 12(b)(6).

5

Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. To establish the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded the risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837). The alleged conduct must "demonstrate deliberateness tantamount to an intent to punish." *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988). However, "'[a] prisoner is not required to show that [they were] literally ignored by the staff' to prove an Eighth Amendment violation, only that [their] serious medical needs were consciously disregarded." *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 448 (6th Cir. 2014) (citations omitted).

Additionally, the Sixth Circuit distinguishes between cases in which a plaintiff alleges complete denial of medical care and cases in which a plaintiff alleges they received inadequate medical treatment. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Within the latter, there may be cases in which the treatment received "so woefully inadequate so as to amount to no treatment at all." *Id.* If a plaintiff received medical treatment, however, federal courts are "generally reluctant to second guess medical judgments." *Id.* Accordingly, "[w]hen a [medical professional] provides treatment, albeit carelessly or inefficaciously, to a prisoner,

6

[they have] not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock*, 273 F.3d at 703.

Here, Jessie disagrees with Martino's decision to not send him to the hospital for emergency x-rays. (ECF No. 49, PAGEID.225.) Jessie cannot establish that Martino was deliberately indifferent to his medical needs. *See generally Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (characterizing the decision to order an x-ray or other diagnostic treatment as a "classic example of a matter of medical judgment" and medical malpractice rather than a constitutional violation). Martino prescribed a 48-hour liquid diet and instructed Phaneuf to schedule Jessie for an x-ray within a week. (ECF No. 1, PAGEID.4.)

First, although Jessie disagrees with the medical treatment provided for his injuries, this is not a situation in which Jessie received no treatment at all or treatment that may be considered "woefully inadequate." *Westlake*, 537 F.2d at 860 n.5. Second, simple disagreement regarding medical treatment is not cognizable as a federal constitutional claim. *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003).

Finally, Martino's treatment decisions do not show that she disregarded a substantial risk of harm to Jessie. *See Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 447–50 (6th Cir. 2014) (finding no deliberate indifference where a medical

provider interpreted the prisoner's symptoms as indicative of minor conditions, gas and diarrhea, when he actually suffered from a perforated duodenal ulcer that resulted in sepsis causing his death); *see also Jones v. Muskegon Cnty.*, 625 F.3d 935, 944 (6th Cir. 2010) (finding no deliberate indifference where a doctor examined a patient complaining of sharp stomach pains, rapid weight loss, and other bowel issues and concluded that he suffered from severe constipation and prescribed over-the-counter medication and the prisoner was later treated at a hospital and diagnosed with cancer).

Martino's treatment decisions thus do not rise to the level of a constitutional claim. *Comstock*, 273 F.3d at 703. The Court finds that Martino did not act with deliberate indifference.

## IV. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that Martino's motion for summary judgment be **GRANTED**.

Dated:  June 21, 2022                    s/**Jonathan J.C. Grey**
                                         Jonathan J.C. Grey
                                         United States Magistrate Judge

**Notice to the Parties About Objections**

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 21, 2022.

s/ **S. Osorio**
Sandra Osorio
Case Manager