**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Myron Gregory Jessie,

           Plaintiff,

v.

Patrice Phaneuf, *et al.*,

           Defendants.

_____

Case No. 21-11201
District Judge Judith E. Levy
Magistrate Judge Jonathan J.C. Grey

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION**
**FOR DEFAULT JUDGMENT**

Myron Gregory Jessie, an incarcerated person, brings a pro se complaint

under 42 U.S.C. § 1983 against Patrice Phaneuf, Emily Nguyen, Aurelia Wolosion,

Juliana Martino, and Jay Saph. (ECF No. 1.) The matter before the Court is

Jessie's motion for default judgment against Phaneuf, Nguyen, Saph, and

Wolosion. (ECF No. 52.) For the reasons set forth below, the Court

**RECOMMENDS** that Jessie's motion be **DENIED**.

**I.     Background**

On February 14, 2022, the Court ordered Phaneuf, Saph, Nguyen, and

Wolosion to file an answer or responsive pleading no later than March 14, 2022.

(ECF No. 43.) On March 14, 2022, the parties filed an answer to Jessie's

complaint. (ECF No. 45.) On April 27, 2022, the parties filed an amended answer to Jessie' complaint to correct typographical errors. (ECF No. 54.)

Jessie moved for default judgment (ECF No. 52), and the relevant defendants responded (ECF No. 57).

## II.    Analysis

In his motion, Jessie argues that Phaneuf, Nguyen, Saph, and Wolosion's answer twice referred to Jessie by a different prisoner's name and that this entitles him to default judgment. (*Id.* at PAGEID.236.) Phaneuf, Nguyen, Saph, and Wolosion argue that they timely answered Jessie's complaint on March 14, 2022 and that typographical errors do not form the basis for default judgment. (ECF. 45)

Jessie's motion fails because Jessie has neither requested, nor obtained, a clerk's entry of default against any defendant. Obtaining a default judgment under Rule 55 of the Federal Rules of Civil Procedure is a two-step process. The movant must first request and obtain a clerk's entry of default pursuant to Rule 55(a). *Shepard Claim Service, Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986) (explaining that "entry of default is just the first procedural step on the road to obtaining a default judgment").

After the clerk enters default against a defendant, the movant may then move for a default judgment by the clerk (if the plaintiff's claim is for a sum certain) or by the court (in cases where the claim is not for a sum certain). Fed. R. Civ. P.

55(b). A judgment by default may then be entered against a defendant who failed

to plead or otherwise defendant against an action. Since Jessie did not request nor

obtain a clerk's entry of default, Jessie's motion fails.

### III.   Conclusion

Accordingly, the Court **RECOMMENDS** that Jessie's motion for default

judgment against Phaneuf, Nguyen, Saph, and Wolosion be **DENIED**.


Dated:   July 7, 2022                     s/**Jonathan J.C. Grey**
                                          Jonathan J.C. Grey
                                          United States Magistrate Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 7, 2022.

s/ **S. Osorio**
Sandra Osorio
Case Manager
