UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Myron Gregory Jessie,

                Plaintiff,      Case No. 21-cv-11201

v.                                  Judith E. Levy
                                  United States District Judge

Patrice Phaneuf, *et al.*,

                                  Mag. Judge Jonathan J.C. Grey

                Defendants.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS [67, 78] AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [61]**

Plaintiff Myron Gregory Jessie filed two objections (ECF Nos. 67, 78) to Magistrate Judge Jonathan J.C. Grey's Report and Recommendation ("R&R") (ECF No. 61) recommending the Court grant Defendant Juliana Martino's motion to dismiss.[1] (ECF No. 46.)

---

[1] The R&R is titled "Report and Recommendation on Defendant's Motion for Summary Judgment," indicates that it addresses "Martino's motion for summary judgment[] (ECF No. 46[]),", and recommends that "Martino's motion for summary judgment be **GRANTED**." (ECF No. 61, PageID.293.) However, docket entry 46 is titled "Defendant Juliana Martino, N.P.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)" (ECF No. 46, PageID.200), and the R&R's "Standard of Review" section discusses the legal standard that applies to a motion to dismiss under Rule 12(b)(6). (ECF No. 61, PageID.295–296.) Therefore, the Court believes that the R&R

Magistrate Judge Grey issued the R&R on June 21, 2022. (ECF No. 61.) The parties were required to file specific written objections, if any, within fourteen days of service. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). Jessie filed an objection that is dated July 10, 2022 and is therefore untimely. (ECF No. 67.) Martino filed a response to the objection. (ECF No. 70.) On December 7, 2022, the Court received a document from Jessie that it treats as an additional untimely objection.[2] (ECF No. 78.) The Court nevertheless considers both of Jessie's objections, as well as Martino's response to the first objection.

---

inadvertently refers to Martino's motion as a motion for summary judgment and that the R&R intended to refer to the motion as a motion to dismiss.

[2] The Court notes that the substantive portion of the document it received from Jessie on December 7, 2022 is not signed by Jessie and is not dated. (*See* ECF No. 78, PageID.374.) The certificate of service that appears on page 2 of the document is signed by Jessie and is dated "12-1-22." (*Id.* at PageID.375.) Because Jessie is proceeding *pro se*, the Court considers his signature on the certificate of service as satisfying the signature requirement of Federal Rule of Civil Procedure 11(a), which states that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). But even if the Court considers the certificate of service's date ("12-1-22") to be the document's filing date, the document is still an untimely objection under the applicable rules referenced above. *See* Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).

For the reasons set forth below, Jessie's objections (ECF Nos. 67, 78) are overruled. The R&R (ECF No. 61) is ADOPTED, and Martino's motion to dismiss (ECF No. 46) is GRANTED.

## I. Background

The factual and procedural background set forth in the R&R is fully adopted as though set forth in this Opinion and Order.

## II. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *see Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague

3

and dispute the general correctness of the report and recommendation, *see Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346. Because Jessie is self-represented, the Court will construe his objections liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

### III. Analysis

#### A. Jessie's Objection Dated July 10, 2022

In his objection dated July 10, 2022, Jessie notes that the R&R "stated on pages 7 and 8 that there was [sic] no findings that Medical Personel [sic] did nothing at all (treatment)." (ECF No. 67, PageID.321.) The next sentence in Jesse's objection states: "Well, the only thing that

4

was done was putting me on a liquid diet which caused me more pain . . . ." (*Id.*) Jessie appears to argue that the treatment he received from Martino—being placed on a liquid diet and ordered to have x-rays done—"equated to no treatment at all," given that "the liquid diet made things worse and 5 x-rays were viewed and disregarded." (*Id.*) Jessie argues that based on the results "after several x-rays," Martino "should have alleviated my miserable severe pain by switching gears and sending me for an operation because I was going to the triage frequently for either blood in my stool or immense pain." (*Id.*) Jessie also challenges the alleged acts (or failure to act) of "Medical Staff" and "Medical Personel" [sic]. (*Id.*) In her response, Martino argues that Jessie's objection fails to comply with the requirements of Local Rule 72.1(d)(1) because Jessie "does not specify to which part(s) of the Report and Recommendation he is objecting to, nor does he provide a basis for the[] objection[]." (ECF No. 70, PageID.331.)

Jessie's objection dated July 10, 2022 lacks merit because it does not identify an error in the R&R. In his objection, Jessie states that he was placed on a liquid diet (ECF No. 67, PageID.321), which is consistent with the R&R's assertion that "Martino prescribed a 48-hour liquid diet."

5

(ECF No. 61, PageID.299.) The R&R found that Jessie does not state a deliberate indifference claim against Martino based on his disagreement with Martino's treatment decisions. (*See id.*) To the extent Jessie continues to disagree with Martino's treatment decisions regarding the liquid diet, x-rays, and her failure to "send[ him] for an operation" (ECF No. 67, PageID.321), such a disagreement does not demonstrate a flaw in the R&R. Jessie provides the Court with no basis for it to reject the R&R's findings—including the finding that Jessie does not state a deliberate indifference claim against Martino—because "simple disagreement regarding medical treatment is not cognizable as a federal constitutional claim." (ECF No. 61, PageID.299 (citing *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003)).) *See also Wilson v. Williams*, 961 F.3d 829, 841 (6th Cir. 2020) ("An inmate's 'disagreement with the testing and treatment he has received . . . does not rise to the level of an Eighth Amendment violation.'" (quoting *Rhinehart v. Scutt*, 894 F.3d 721, 740 (6th Cir. 2018))); *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) ("As a general rule, a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." (citing *Estelle v. Gamble*, 429 U.S.

97, 107 (1976); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014))); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) ("Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law."). Further, Jessie provides no reason for the Court to disagree with the R&R's conclusion that "this is not a situation in which Jessie received no treatment at all or treatment that may be considered 'woefully inadequate.'" (ECF No. 61, PageID.299 (quoting *Westlake*, 537 F.2d at 860 n.5).) *See Richmond v. Huq*, 885 F.3d 928, 940 (6th Cir. 2018) ("[T]o the extent [the plaintiff] challenges the adequacy of her treatment, this Court is deferential to the judgments of medical professionals.").

As noted, Jessie argues in his objection that Martino should have "sen[t him] for an operation" following the results from "several x-rays" because he "was going to the triage frequently for either blood in [his] stool or immense pain." (ECF No. 67, PageID.321.) But the allegations in the complaint involving Martino relate to events that took place prior to Jessie's first x-ray; Jessie does not allege that Martino had an

7

opportunity to review his x-rays or that she played a role in rendering treatment to him post-x-ray. Jessie alleges that Martino received information about his condition through a phone call from Defendant Patrice Phaneuf (*see* ECF No. 61, PageID.294 (citing ECF No. 1, PageID.3–4)), a nurse who "was the first respondent to the incident when she reported to [Jessie's] cell to check on his condition." (ECF No. 1, PageID.3.) The complaint contains no allegations that Martino had knowledge about Jessie's x-ray results or knowledge that Jessie was "going to the triage frequently for either blood in [his] stool or immense pain." (ECF No. 67, PageID.321.) Therefore, Jessie does not show that the complaint contains allegations that meet the subjective component of a deliberate indifference claim against Martino based on her failure to "send[ him] for an operation." (*Id.*) *See Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010) ("Under th[e] subjective standard, a prison official cannot be found liable under the Eighth Amendment 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also

draw the inference.'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994))).

Jessie's vague challenge in his objection regarding the acts (or inaction) of "Medical Staff" and "Medical Personel" [sic] also fails because it does not identify a mistake in the R&R or provide a basis for rejecting the R&R's analysis and conclusions. "To support an inference of deliberate indifference, a plaintiff must allege facts showing that a particular defendant both 'knew of' and disregarded a serious threat to inmate health." *Modd v. Cnty. of Ottawa*, No. 1:10-cv-337, 2010 WL 5860425, at *5 (W.D. Mich. Aug. 4, 2010) (citing *Mingus*, 591 F.3d at 480), *report and recommendation adopted sub nom. Modd v. City of Ottawa*, No. 1:10-cv-337, 2011 WL 710679 (W.D. Mich. Feb. 23, 2011). A plaintiff "must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) (citing *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011); *Ashcroft v. Iqbal*, 556 U.S. 662, 675–77 (2009)); *see also Est. of Abbey v. Herring*, 598 F. Supp. 3d 572, 584 (E.D. Mich. 2022) ("Plaintiff must establish a causal link between [a defendant's] actions and the

9

unconstitutional injury to properly plead [an Eighth Amendment] claim."). Jessie's generalized arguments regarding "Medical Staff" and "Medical Personel" [sic] lack the particularity necessary to show that Jessie asserts a deliberate indifference claim against Martino in the complaint such that the Court should not adopt the R&R's recommendation to grant Martino's motion to dismiss.

In sum, Jessie's objection is invalid because it does not identify an error in the R&R. *See Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 244 (6th Cir. 2018); *McClure v. Comm'r of Soc. Sec.*, No. 20-12517, 2022 WL 730631, at *1 (E.D. Mich. Mar. 10, 2022) ("General objections—or those that do nothing more than disagree with a magistrate judge's determination, without explaining the source of the error—have 'the same effect[] as would a failure to object.'" (quoting *Howard*, 932 F.2d at 509)). Accordingly, Jessie's objection dated July 10, 2022 is overruled.

### B. Jessie's Objection Received on December 7, 2022

On December 7, 2022, the Court received a document from Jessie titled "Opposition of Defendants [sic] Motion to Dismiss Plaintiffs [sic]

Claims."³ (ECF No. 78.) In light of Jessie's *pro se* status, the Court construes this filing as a second objection to the R&R.

In his second objection, Jessie argues that "the grounds" in "Defendants [sic] Motion to Dismiss" "are moot." (*Id.* at PageID.374.) Jessie's one-page objection states in large part:

> Each claim (mine) are based in clear, concise factual Constitutional violations with the 8th Amendment being the focal point. There is no excuse formidable that would explain the ongoing unwarranted, and unnecessary excruciating pain that plaintiff went through when there was a remedy to alleviate the problem. Health Care Officials Purposely chose to wait out digestion for an object that carried a high enough mortality rate to take serious and extract. Proof? A battery, a lesser harmful object that moves through the bowels freely without pain was extracted by hospital officials who were trained properly in Health Care Policy. The proof of negligence is in the pudding. Plaintiffs [sic] claims are factual and valid per Health Care Policy. . . .

(*Id.*)

Jessie's second objection—which makes no mention of the R&R—is improper because it does not reference a specific portion of the R&R or identify any grounds for disagreeing with the R&R. Accordingly, Jessie's

---

³ The Court notes that Jessie previously submitted a response opposing Martino's motion to dismiss. (ECF No. 49.) Magistrate Judge Grey took Jessie's response into consideration in the R&R. (*See* ECF No. 61, PageID.293, 297.)

11

objection received on December 7, 2022 is denied. *See Allen v. Ohio Dep't of Rehab. & Corr.*, 202 F.3d 267 (6th Cir. 1999) ("A general objection which does not specify the issues of contention is tantamount to filing no objections at all and does not satisfy the requirement that objections be filed." (citing *Miller*, 50 F.3d at 380; *Howard*, 932 F.2d at 505–08)); *Austin v. Stapleton*, No. 1:22-cv-11895, 2022 WL 4286847, at *3 (E.D. Mich. Sept. 15, 2022) (overruling objections that "do[] not raise any issues with the R&R" (citing *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004))).

## IV. Conclusion

For the reasons set forth above, Jessie's objections (ECF No. 67, 78) are overruled. The R&R (ECF No. 61) is ADOPTED.[4] Martino's motion to dismiss (ECF No. 46) is GRANTED.

IT IS SO ORDERED.

Dated: January 30, 2023       s/Judith E. Levy
    Ann Arbor, Michigan      JUDITH E. LEVY
                                               United States District Judge

---

[4] The Court clarifies that the R&R's conclusions regarding the lack of a constitutional claim and Martino "not act[ing] with deliberate indifference" (ECF No. 61, PageID.300) relate to the sufficiency of Jessie's allegations in the complaint.

12

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 30, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
