UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Myron Gregory Jessie,

        Plaintiff,                         Case No. 21-11201
                                                   District Judge Judith E. Levy
v.                                          Magistrate Judge Jonathan J.C. Grey

Patrice Phanuf, et al.,

        Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION
FOR THE APPOINTMENT OF COUNSEL (ECF No. 85)**

Myron Gregory Jessie brought this pro se complaint under 42 U.S.C. § 1983 against Patrice Phaneuf, Emily Nguyen, Aurelia Wolosion, Juliana Martino, and Jay Saph and alleged that they were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights. (ECF No. 1.) On February 21, 2023, Jessie filed his fifth motion for appointment of counsel. (ECF No. 85.) The Court denied all his previous motions for appointment of counsel. (ECF Nos. 15, 22, 64, 80.) For the following reasons, the Court **DENIES** this motion for appointment of counsel as well.

Under 28 U.S.C. § 1915(e), the Court has authority to appoint counsel to an indigent plaintiff. Unlike in criminal cases, litigants in civil cases do not have a

constitutional right to counsel. *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). Although rare, the Court has the discretion to appoint counsel in a civil proceeding amid exceptional circumstances. *Lavado v. Keohane,* 992 F.2d 601, 604-06 (6th Cir. 1993). In determining whether exceptional circumstances exist, courts examine the type of case and its complexity, the plaintiff's ability to represent himself, and whether the claims have merit. *Id.*; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995). The Court also considers whether all possible dispositive motions have been filed and ruled on. It is the general practice of this district to defer appointing counsel until dispositive motions have been denied. *Catanzaro v. Mich. Dep't of Corrections*, No. 08-11173, 2009 WL 2154819, at *3 (E.D. Mich. Jul. 14, 2009).

Jessie alleges that defendants exhibited a deliberate indifference to his medical needs. (ECF No.1.) As United States Magistrate Judge Anthony P. Patti and the undersigned have determined, Jessie's allegations are not unusually complex. In this motion, Jessie claims he needs counsel for all the same reasons he included in his previous motions. Jessie has filed numerous motions and responses. As previously noted, Jessie's filings are all clear and demonstrate an ability to represent himself. In these filings, Jessie has presented plausible arguments and cited applicable legal authorities.

On December 16, 2022, defendants filed a motion for summary judgment. (ECF No. 79.) Jessie responded to defendants' motion on January 10, 2023. (ECF No. 82.) The Court has not issued its decision on defendants' summary judgment motion. As the Court ordered previously, if Jessie survives the dispositive motion stage, he may renew his motion for the appointment of counsel, not before. *Ouellette v. Hills*, No. 15-11604 2016 WL 5941829, *2 (E.D. Mich. Oct. 13, 2016).

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Jessie's motion for appointment of counsel (ECF No. 85.)

**SO ORDERED.**

s/**Jonathan J.C. Grey**
Jonathan J.C. Grey
United States Magistrate Judge

Dated:   March 7, 2023

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 7, 2023.

<u>s/ **J. Owens**</u>
Julie Owens
Case Manager
